UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC. and HASBRO INTERNATIONAL, INC., | : | |
| Plaintiffs, | : | CA 05 534 S |
| v. | : | C.A. NO. |
| OVERBREAK, LLC, | : | |
| Defendant. | : | |

## COMPLAINT

1. Plaintiff, Hasbro, Inc. ("Hasbro") is a corporation with a principal place of business in Pawtucket, Rhode Island.

2. Plaintiff, Hasbro International, Inc. ("International") is a corporation with a principal place of business in Pawtucket, Rhode Island.

3. Defendant, Overbreak, LLC ("Overbreak") is a business entity with a principal place of business in Sun Valley, California.

4. Pursuant to 28 U.S.C.A. §1332, this Court has jurisdiction over the parties in the matter as they are citizens of different states and the amount in controversy exceeds the statutory minimum of $75,000.

5. Additionally, pursuant to provision 22 of the Merchandising Agreement Sublicense Agreement ("Agreement" attached as Exhibit A), Hasbro/International, as the Licensor, may elect to choose to file suit against Overbreak in the State of Rhode Island; Overbreak having agreed to submit to personal jurisdiction thereof.

## FACTUAL BACKGROUND

6. On or about October 28, 2004, Hasbro/International and Overbreak entered into a Merchandising Agreement ("Agreement").

7. Pursuant to the Agreement, Overbreak (designated as a Licensee) was to pay to the Hasbro/International (designated as Licensor) royalty payments in the course of manufacturing and distributing certain "Star Wars" property, including but not limited to Trick Discs, Hover Spheres, Hoverbands, Hover Rockets, HoverDiscs and Hover Tubes.

8. Pursuant to the Agreement, Overbreak was to pay a total royalty guarantee to Hasbro/International of $1,000,000.

9. Pursuant to the Agreement, Overbreak was to pay an advance royalty payment to Hasbro/International of $150,000.

10. Pursuant to the Agreement, Overbreak was to pay $350,000 as the balance of advanced royalties owed to Hasbro/International no later than June 15, 2005, as well as additional payments to be made no later than July 1, 2006 and December 1, 2006, respectively.

11. On June 15, 2005, Overbreak failed to meets its commitment to pay Hasbro/International $350,000 pursuant to the subject Agreement.

12. Pursuant to provision 12 of the Agreement (attached as Exhibit A), when Overbreak violates any of its obligations under the terms of the Agreement, Hasbro/International have the right to terminate the license as granted, and such notice of termination shall become effective unless Overbreak completely remedies the violations within a designated period of time.

13. Subsequent to June 15, 2005, and continuing through November of 2005, Hasbro/International made inquiry of Overbreak as to when Overbreak will make payment of the

outstanding royalty obligation it owes to Hasbro/International and overcome the material breach that exists under the Agreement.

14. Overbreak has failed to remedy the outstanding material breach by making the appropriate payments to Hasbro/International. (See correspondence from Hasbro/International to Overbreak and Overbreak's response, attached as Exhibits B, C and D, respectively.)

15. To date, Overbreak has not made payment of the financial obligation it owes to Hasbro/International.

**BREACH OF CONTRACT**

16. Hasbro/International herein incorporate by reference paragraphs 1 through 15 as if fully set forth herein.

17. As a result of Overbreak's failure to appropriately pay royalty payments owed to Hasbro/International, Overbreak is in material breach of the subject agreement.

18. As a result of the material breach, Overbreak owes Hasbro/International all outstanding guaranteed royalty payments as specified in the Agreement.

19. The total amount of royalties obligated to Hasbro/International by Overbreak exceeds $850,000.

20. Additionally, pursuant to the licensing Agreement (attached as Exhibit B) which was entered into on or about October 28, 2004, the parties agreed that the prevailing party shall be entitled to recover its expenses, including reasonable attorney's fees and costs incurred in connection with any legal proceeding arising out of the agreement.

**CEASE AND DESIST**

21. Hasbro/International herein incorporate by reference paragraphs 1 through 20 as if fully set forth herein.

22. Overbreak continues to market, distribute and/or sell the aforementioned merchandise, in contravention to the Agreement.

23. Hasbro/International herein demands that Overbreak immediately discontinue selling the aforementioned merchandise, and make the appropriate restitution to Hasbro/International for all merchandise that it has sold.

WHEREFORE, Hasbro/International prays that this Court Order the immediately discontinuance of the sale of the aforementioned merchandise by Overbreak, and prays for judgment on its own behalf, including interest pursuant to the subject Merchandising Agreement, as well as attorney's fees and costs pursuant to the Merchandising Agreement and/or Sublicense Agreement and any other fees that this Court finds appropriate in this matter.

HASBRO, INC. and HASBRO INTERNATIONAL, INC.
By their Attorneys,

Todd D. White (# 5943)
Katy A. Hynes (#6659)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

Date: December 22, 2005.

*362561_1.doc*