**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| HASBRO, INC AND HASBRO INTERNATIONAL, INC. Plaintiffs, | : | |
| vs. | : | C.A. NO.: 05 534 S |
| OVERBREAK, LLC Defendant. | : | |

**OBJECTION TO MOTION FOR WRIT OF PRE-JUDGEMENT ATTACHMENT**

Now comes the Defendant, OVERBREAK, LLC, in the above-referenced matter and objects to Plaintiff's Motion for a writ of pre-judgment attachment. This objection is supported by the memorandum of law attached hereto and incorporated herein by references.

Defendant,
OVERBREAK, LLC
By it's attorney

Steven B. Merolla, Esquire # 4673
Goldin, Merolla & Tutalo
10 Weybosset Street
Providence, Rhode Island 02903
(401) 861-7400

DATE OF HEARING: February 17, 2006 at 2:00 pm

**CERTIFICATION**

I hereby certify that on the 16h day of February, 2006, I faxed a copy of the within Objection to Todd D. White, Esquire and Katy A. Hynes, Esquire, Adler Pollock & Sheehan P.C., One Citizens Plaza, 8th Floor, Providence, Rhode Island 02903.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| HASBRO, INC AND HASBRO INTERNATIONAL, INC.<br>Plaintiffs, | : | |
| vs. | : | C.A. NO.: 05 534 S |
| OVERBREAK, LLC<br>Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT'S OBJECTION TO THE MOTION FOR WRIT OF ATTACHMENT**

**SUMMARY OF FACTS**

The Defendant ("Overbreak") is a small company in California which entered into a licensing agreement with a large corporation ("Hasbro") located in Rhode Island to sell certain merchandise. In fact, this agreement is a "boilerplate" contract that is copyrighted by Hasbro. The contract contains a California choice of law provision but does not contain a forum selection clause requiring suit to be brought in California.(See Exhibit A). Hasbro has filed a motion for a writ of attachment with the District Court seeking to attach any and all property owned by Overbreak. Overbreak does not own any property located in Rhode Island.

**ISSUES**

1. Can Hasbro move for a writ of attachment in Rhode Island when the contract states that California law applies?

2. Can Hasbro attach property in California under a writ of attachment issued by a

court in Rhode Island?

3. What does Hasbro have to show to obtain a writ of attachment in Rhode Island?

4. What elements must be shown to find that said contract is an unenforceable contract of adhesion pursuant to California law?

## ARGUMENTS

## I. WRIT OF ATTACHMENT

### A. Choice of law provision

The California choice of law provision in the contract will not prevent Hasbro from seeking a writ of attachment in the District Court in Rhode Island. Seeking a writ of attachment is procedural and is controlled by Fed. Rules Civ. Proc. Rule 64. Under the terms of the rule, as long as the suit is before the District Court located in Rhode Island, a writ of attachment can be sought pursuant to Rhode Island law.

### B. Property not located in court's jurisdiction

Hasbro will not be able to attach Overbreak's property in California through a writ of attachment issued by the District Court in Rhode Island. It is a "fundamental principle upon which all attachment proceedings rest, that the res must be actually or constructively within the jurisdiction of the court issuing the attachment, in order for any valid or effectual seizure under the process." *Ireland v. Globe Milling & Reduction Co.*, 32 A. 921, 922 (R.I. 1895). This court is being asked to perform a nullity. Although the district court in Rhode Island has not addressed this issue, the case *Stephens v. Walker*, 743 F. Supp. 670 (W.D. Ark. 1990) discusses this issue in detail. In that case, a tort plaintiff had requested and been issued a writ of attachment from the

United States District Court of Massachusetts against all tangible property of the defendant. *Id.* at 671. The plaintiff then sought to enforce the writ of attachment against real property owned by the defendant in Arkansas. *Id.* In considering the plaintiff's motion, the district court in Arkansas found that no Massachusetts statute explicitly authorized the issuance of an attachment directed out of state and that absent such authorization, a writ of attachment directed out of state was void. *Id.* at 675. In addition, the court noted that Arkansas law does not accord full faith and credit to temporary, conditional orders of a foreign court providing provisional remedies in ongoing litigation in another state. *Id.* The same reasoning found in *Stephens* should be applicable to the case at hand.

Rhode Island law does not authorize pre-judgment writs of attachment directed out of state, and in fact has long standing law in *Global Milling* that a writ of attachment may only be directed against property within the state. California gives full faith and credit to money judgments from other states under its Sister State Judgment Act (Cal. C.C. P. §1710.01 et. seq.), but requires plaintiffs to initiate an independent action for non-money judgments. Cal. C.C.P. §1710.65. A writ of attachment is not even a judgment and clearly falls outside the ambit of orders granted full faith and credit in California pursuant to the act. Thus, the District Court may not issue a writ against Overbreak's property in California.

**C. Requirements for writ of attachment in Rhode Island**

RIGL § 10-5-2, provides authorization for a writ of attachment, but is otherwise silent. Thus, the Rhode Island Rules of Civil Procedure provide the only guidance on what is required to obtain a writ of attachment. Rule 4(m)(3) states that a writ of attachment "shall be granted only upon a showing that there is a probability of a judgment being rendered in favor of the

plaintiff and that there is a need for furnishing the plaintiff security in the amount sought for satisfaction of such judgment, together with interest and costs." Unfortunately no Rhode Island case law discusses the two prongs of this test in detail.

Rhode Island case law focuses predominantly on the availability of writs of attachment in tort cases and on constitutional due process issues related to the historically unqualified rights of plaintiffs to obtain writs of attachment under Rhode Island's statutory scheme. However, the Rhode Island Supreme Court noted in a footnote to a case dealing with the availability of the writ in a tort case, that the plaintiff would not be entitled to a writ of attachment regardless of the outcome on that issue because:

> In the instant action the amount of damages that a jury would award is unclear and, therefore, it is uncertain how much security, if any, plaintiff requires. Moreover plaintiff has failed to show any behavior on the part of Lincoln Bar that indicates that the real estate will not be available to satisfy a judgment if and when a jury awards damages.

*Martin v. Lincoln Bar, Inc.*, 622 A.2d 464, 469 (R.I. 1993). In essence, the Supreme Court's comments point out that a plaintiff needs to be able to prove the amount of likely damages and must prove a set of facts that show that the defendant's assets will not be available to satisfy the judgment if an attachment is not obtained. But, in this case, the amount of damage is variable because sales of products must be ascertained and applied to the royalty. Also, Hasbro has not alleged any facts that indicate it is in need of security because Overbreak's assets will not be available at the end of the case for satisfaction of a possible judgment. In addition, Hasbro must show that there is a probability of judgment being rendered in its favor. Generally, that requirement means that the plaintiff must show by a preponderance of the evidence that it is likely to succeed. 6 Am. Jur.2d *Attachment and Garnishment* § 266.

## II. CONTRACTS OF ADHESION

It is generally accepted that a contract of adhesion may not be enforceable because it is unconscionable or unfair. *See, e.g., Bull HN Information Systems, Inc. v. Hutson*, 229 F.3d 321, 331 (1st Cir. 2000). Rhode Island case law does recognize that certain contracts of adhesion may be unenforceable. *See Pascalides v. Irwin Yacht Sales North, Inc.*, 118 F.R.D. 298, 303 (D.R.I. 1988)(it is well-settled that the existence of "boilerplate contracts" should give a reviewing court pause). California law is similar with regard to contracts of adhesion. The California Supreme Court has stated the general principles applicable to contracts of adhesion as follows:

> To describe a contract as adhesive in character is not to indicate its legal effect. It is, rather, "the beginning and not the end of the analysis insofar as enforceability of its terms is concerned."*Wheeler v. St. Joseph Hospital*, supra, 63 Cal.App.3d 345, 357, 133 Cal.Rptr. 775. .... Generally speaking, there are two judicially imposed limitations on the enforcement of adhesion contracts or provisions thereof. The first is that such a contract or provision which does not fall within the reasonable expectations of the weaker or "adhering" party will not be enforced against him. (See, e. g., **173 *Gray v. Zurich Insurance* (1966) 65 Cal.2d 263, 271-272, 54 Cal.Rptr. 104, 419 P.2d 168; *Steven v. Fidelity & Casualty Co.* (1962) 58 Cal.2d 862, 869-870, 27 Cal.Rptr. 172, 377 P.2d 284; *Wheeler v. St. Joseph Hospital*, supra, 63 Cal.App.3d 345, 357, 133 Cal.Rptr. 775; see generally *Sybert*, supra, at pp. 305-306, and cases there cited.) The second a principle of equity applicable to all contracts generally is that a contract or provision, even if consistent with the reasonable expectations of the parties, will be denied enforcement if, considered in its context, it is unduly oppressive or "unconscionable." (See e. g., *Steven*, supra, at pp. 878-879, 54 Cal.Rptr. 104, 419 P.2d 168; *Jacklich v. Baer*, (1943) 57 Cal. App.2d 684, 135 P.2d 179.) We proceed to examine whether the instant contract, and especially that provision thereof requiring the arbitration of disputes before the A.F. of M., should have been denied enforcement under either of these two principles.

*Graham v. Scissor-Tail, Inc.*, 28 Cal.3d 807, 819-820, 623 P.2d 165, 172-173, 171 Cal.Rptr. 604, 612 (Cal. 1981).

The doctrine of unconscionability has been codified in Cal.Civ.Code § 1670.5, which states as follows:

(a) If the court as a matter of law finds the contract or any clause of the contract to have

> been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.
>
> (b) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose, and effect to aid the court in making the determination.

In interpreting the statute, the California Supreme Court has set out the requirements for a finding of unconscionability as follows:

> As explained in *A & M Produce Co.*, supra, 135 Cal. App.3d 473, 186 Cal. Rptr. 114, "unconscionability has both a 'procedural' and a 'substantive' element," the former focusing on "oppression" or "surprise" due to unequal bargaining power, the latter on "overly harsh" or "one-sided" results. (Id. at pp. 486-487, 186 Cal. Rptr. 114.) "The prevailing view is that [procedural and substantive unconscionability] must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability." (*Stirlen v. Supercuts, Inc.*, supra, 51 Cal. App.4th at p. 1533, 60 Cal. Rptr.2d 138 (*Stirlen* ).) But they need not be present in the same degree. "Essentially a sliding scale is invoked which disregards the regularity of the procedural process of the contract formation, that creates the terms, in proportion to the greater harshness or unreasonableness of the substantive terms themselves." (15 Williston on Contracts (3d ed. 1972) § 1763A, pp. 226-227; see also *A & M Produce Co.*, supra, 135 Cal.App.3d at p. 487, 186 Cal.Rptr. 114.) In other words, the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.

*Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal.4th 83, 114, 6 P.3d 669, 690, 99 Cal. Rptr.2d 745, 767 - 768 (Cal. 2000).

California Civil Code section 1670.5 states that a court may refuse to enforce a contract clause that is unconscionable. *See* Cal. Civ.Code § 1670.5. The Legislative Committee Comments to section 1670.5 state that the test for unconscionability is whether "the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract." Id. cmt. 1. "The principle is one of the prevention of oppression and unfair surprise and not of disturbance of allocation of risks because of superior bargaining power." Id. (citations omitted). To determine unconscionability, courts look to whether the allocation of the burdens and benefits are so one-sided as to shock the conscience or whether there is an "absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Nunes Turfgrass, Inc. v. Vaughan-Jacklin Seed Co.*, 200 Cal. App.3d 1518, 1534, 246 Cal. Rptr. 823 (1988).

## CONCLUSION

Hasbro has the right to move for a writ if attachment in Rhode Island; however; it is clear that Hasbro in it's own copyrighted licensing agreement chose to have California law apply. However, it is clear that Hasbro cannot attach property in California belonging to Overbreak, LLC grounded upon a writ of attachment issued by this Court. Further, it is incumbent upon the Plaintiff to prove that there is a need for furnishing the Plaintiff security and that there is a reasonable probability of a judgment being rendered on a liquidated amount in favor of the Plaintiff. In addition, this copyrighted 'boilerplate" contract of Hasbro can be found to be a contract which, as a whole, or in several of it's provisions are unenforceable under California law.

Respectfully submitted
Defendant,
OVERBREAK, LLC
By it's attorney

Steven B. Merolla, Esquire # 4673
Goldin, Merolla & Tutalo
10 Weybosset Street
Providence, Rhode Island 02903
(401) 861-7400

## CERTIFICATION

I hereby certify that on the 16th day of February, 2006, I faxed a copy of the within Objection to Todd D. White, Esquire and Katy A. Hynes, Esquire, Adler Pollock & Sheehan P.C., One Citizens Plaza, 8th Floor, Providence, Rhode Island 02903.