UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC. | : | |
| | : | |
| v. | : | C.A. No. 05-534S |
| | : | |
| OVERBREAK, LLC | : | |

**MEMORANDUM AND ORDER**

Before the Court for determination is Plaintiff's Motion for Issuance of a Pre-Judgment Writ of Attachment (Document No. 2). 28 U.S.C. § 636(b)(1)(A); LR Civ. 72(a). A hearing was held on February 17, 2006. For the reasons discussed below, Plaintiff's Motion is DENIED.

Plaintiff brings suit against Defendant under a Merchandising Agreement (Star Wars license) dated October 28, 2004 which provided for payment of a Total Royalty Guarantee of $1,000,000.00 payable to Plaintiff as follows: $150,000.00 on signing; $350,000.00 by June 15, 2005; $250,000.00 by July 1, 2006; and $250,000.00 by December 1, 2006. At the hearing, the parties were in agreement that Defendant made the $150,000.00 advance royalty payment and did not make the $350,000.00 payment by June 15, 2005. However, Defendant has to date made additional earned royalty payments of approximately $153,000.00 for a total of $303,000.00 paid. Plaintiff asserts that $197,000.00 is past due based on the payment schedule but that Defendant's breach entitles it to accelerate the entire remaining balance of $697,000.00.

Plaintiff seeks a writ of attachment against Defendant's assets both in Rhode Island and California "to the value of $350,000.00." It does not appear that Defendant has assets of any significance in Rhode Island. Defendant's principal place of business is located in Sun Valley, California, and it presumably has assets in that District.

In this diversity action, Plaintiff relies upon Fed. R. Civ. P. 64, R.I. Gen. Laws § 10-5-2 and R.I. Super. Ct. R. Civ. P. 4(m)(3), in support of its request for a pre-judgment attachment. Under R.I. Super. Ct. R. Civ. P. 4(m)(3), Plaintiff's motion can only be granted upon a "showing" that it has a probability of success on the merits and "that there is a need for furnishing the plaintiff security in the amount sought for satisfaction of such judgment...." As to the first element, although Plaintiff's case appears strong, it has made no evidentiary showing to this Court. Plaintiff's Complaint is not verified, and it offered no affidavits or sworn testimony at the hearing. Further, although Defendant had not yet answered Plaintiff's Complaint, no application for default had been filed prior to the hearing.

As to the second element, Plaintiff has also failed to make an evidentiary showing that there is a "need for furnishing" it with pre-judgment security in this action. Plaintiff offered no affidavits or sworn testimony suggesting that Defendant would not be able to satisfy any judgment that may ultimately be rendered against it in this action. Plaintiff offered no evidence that Defendant's business was faltering or that it was about to transfer assets that would negatively impact Plaintiff's security. The only item relied upon by Plaintiff was a letter dated November 4, 2005 from Defendant's Corporate Counsel to Plaintiff's Corporate Counsel. Ex. C to Plaintiff's Unverified Complaint. This Court has reviewed that letter in detail and finds that it offers no direct support for Plaintiff's argument that there is a "need" for pre-judgment security in this case. The letter simply advises that sales of the licensed products were "very disappointing" and that earned royalties fell short of the minimum guarantees. The letter does not indicate that Defendant's business is in financial jeopardy or that it cannot afford to pay the minimum royalty but rather asks Plaintiff to consider forgiving the minimum guarantee and accepting payments of any earned royalties going

forward. The letter also indicates that Defendant's on-hand inventory of unfinished Star Wars product was $1,243,094.72. Finally, it appears undisputed that Defendant has, to date, paid a total of $303,000.00 to Plaintiff and is making payments on earned royalties as accrued.

Defendant also argues that this Court has no authority to issue a pre-judgment writ of attachment directed at assets located in California. As stated at the hearing, this Court also questioned its authority to do so. However, given that Plaintiff has failed to make a sufficient evidentiary showing at this time to warrant pre-judgment relief in any event, this Court need not reach that substantive issue.

For the foregoing reasons, Plaintiff's Motion for Issuance of Writ of Attachment (Document No. 2) is DENIED.

LINCOLN D. ALMOND
United States Magistrate Judge
February 17, 2006