# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC AND HASBRO INTERNATIONAL, INC. Plaintiffs, | : | |
| vs. | : | C.A. NO.: 05 534 S |
| OVERBREAK, LLC Defendant. | : | |

**OBJECTION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**

Now comes the Defendant, OVERBREAK, LLC, in the above-referenced matter and objects to Plaintiff's Motion for entry of default. Defendant's Objection is supported by its memorandum of law attached hereto and incorporated herein by references.

Defendant,
OVERBREAK, LLC
By it's attorney

Steven B. Merolla, Esquire # 4673
Goldin, Merolla & Tutalo
10 Weybosset Street
Providence, Rhode Island 02903
(401) 861-7400

**CERTIFICATION**

I hereby certify that on the 22nd day of February, 2006, I faxed a copy of the within Objection to Todd D. White, Esquire and Katy A. Hynes, Esquire, Adler Pollock & Sheehan P.C., One Citizens Plaza, 8th Floor, Providence, Rhode Island 02903.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **HASBRO, INC., and HASBRO INTERNATIONAL, INC.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **C.A. NO. 05-534-S** |
| **OVERBREAK, LLC,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFAULT**

Defendant Overbreak, LLC ("Overbreak"), through undersigned counsel, respectfully submits this, the Defendant's Memorandum in Support of Opposition to Default, pursuant to Fed. R. Civ. P. 55(a) and (c).

## SUMMARY OF FACTS

The Defendant ("Overbreak") is a small company in California, which entered into a licensing agreement with a large corporation ("Hasbro") located in Rhode Island to sell certain merchandise. In fact, this agreement is a "boilerplate" contract that is copyrighted by Hasbro. The contract contains a California choice of law provision but does not contain a forum selection clause requiring suit to be brought in California. Hasbro had filed a motion for a writ of attachment with the District Court ,which was objected to by Overbreak and denied by the Court after the hearing on February 17, 2006.

**ARGUMENT**

The First Circuit has indicated a strong judicial policy in favor of allowing an entry of default to be set aside on a showing of reasonable justification. *See Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989). As the court discussed in *Coon*, allowing a default to be set aside is in keeping with the philosophy that actions should ordinarily be resolved on their merits. *Id.* at 76. The court further noted that the policy considerations in favor of setting aside a default are "at their zenith in the Rule 55(c) milieu." *Id.* Where the motion to set aside default is early in the case, "a liberal approach is least likely to cause unfair prejudice to the nonmovant or to discommode the court's calendar." *Id.* Under those circumstances, "a district court should resolve doubts in favor of a party seeking relief from the entry of default." Id.

In the instant case, Overbreak filed its Answer to the complaint of Plaintiffs, Hasbro, Inc., and Hasbro International, Inc. ("Hasbro") shortly before the Motion to Default was filed. Overbreak, an entity located in California, simply misunderstood when the time to answer ran. Obtaining local counsel took some time, and an answer was filed shortly thereafter, at the first hearing in this cause. Several meritorious defenses to the complaint were raised in that answer. In addition, Overbreak was in settlement negotiations with Hasbro after the filing of the complaint and has participated in the case by objecting to Hasbro's motion for writ of attachment. Hasbro also agreed to a one week continuance of

their motion for writ of attachment to allow local counsel for Overbreak to respond. Thus, Hasbro has been fully aware that Overbreak intended to defend the suit.

As the court noted in *CSB Corp. v. Cadillac Creative Advertising, Inc.*, 136 F.R.D. 34, 35 (D.R.I. 1990), setting aside a default does not cause prejudice where the plaintiff has not claimed that evidence has been lost, that discovery was thwarted, that memories were dimmed beyond refreshment, or that witnesses have died. Here, Hasbro has not and cannot claim any of those things. A very short period of time has elapsed, and Hasbro has known all along that Overbreak intended to defend the suit.

If an entry of default had already been entered, Overbreak would be entitled to have the entry set aside under the clear, legal precedent discussed above. However, the clerk has not yet made an entry of default in this case. In fact, Overbreak filed an answer raising meritorious defenses on the same day and before Hasbro's motion for entry of default was made. Given Overbreak's good-faith explanation, its filing of an answer raising meritorious defenses, the fact that the parties were in good faith settlement negotiations, the fact that Hasbro agreed to a one week continuance to allow Overbreak to file a response to the Writ of Attachment,the lack of any prejudice to Hasbro caused by the short delay, and the policy in favor of resolving actions on their merits, clearly calls for Hasbro's motion for entry of default to be denied.

Thus, Overbreak respectfully requests that this court deny Hasbro's motion for entry of default.

Respectfully submitted,

Steven B. Merolla, Esquire (4673)
Goldin, Merolla & Tutalo
10 Weybosset Street
Providence, RI 02903
Telephone: (401) 861-7400

Attorneys for Defendant Overbreak, LLC

**CERTIFICATION**

I hereby certify that on the 22nd day of February 2006 I mailed a copy of the within Defendant's Memorandum in Support of Opposition to Default to Todd D. White, Esquire, and Katy A. Hynes, Esquire, Adler Pollock & Sheehan P.C., One Citizens Plaza, 8th Floor, Providence, Rhode Island 02903.

Steven B. Merolla, Esquire