**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **HASBRO, INC., and HASBRO INTERNATIONAL, INC.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **C.A. NO. 05-534-S** |
| **OVERBREAK, LLC,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO JOIN AN INDISPENSABLE PARTY**

Defendant Overbreak, LLC ("Overbreak"), through undersigned counsel, respectfully submits this, the Defendant's Motion to Dismiss for Plaintiff's Failure to Join an Indispensable Party pursuant to Fed. R. Civ. P. 19.

Defendant,
OVERBREAK, LLC
By it's attorney

Steven B. Merolla, Esquire # 4673
Goldin, Merolla & Tutalo
10 Weybosset Street
Providence, Rhode Island 02903
(401) 861-7400

**CERTIFICATION**

I hereby certify that on the 5th day of May, 2006, I mailed a copy of the within Defendant's Opposition to Todd D. White, Esquire, and Katy A. Hynes, Esquire, Adler Pollock & Sheehan P.C., One Citizens Plaza, 8th Floor, Providence, ~~Rhode Island~~ 02903.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **HASBRO, INC., and HASBRO INTERNATIONAL, INC.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **C.A. NO. 05-534-S** |
| **OVERBREAK, LLC,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO JOIN AN INDISPENSABLE PARTY**

The requirement that a particular party must be joined in an action is a matter of federal law. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 125 (1968) ("[I]t has been clear that in a diversity case the question of joinder is one of federal law[.]"). Fed. R. Civ. P. 19(a) states that a party shall be joined if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party[.]

Rule 19(b) provides that "[i]f a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." This defense "may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the

pleadings, or at the trial on the merits." Fed. R. Civ. P. 12(h)(2). The defense will result in dismissal if a party cannot be joined, and the court determines that such failure to join will cause undue prejudice to one of the parties. *Friends of Sakonnet v. Dutra*, 738 F. Supp. 623, 636 (D.R.I. 1990).

> If absent parties are indispensable, the entire action, including the allegations against the diverse party, must be dismissed. In determining the indispensability of parties, district courts have considerable discretion to assess the importance and weight of all relevant factors.

*Potter v. Bennett*, 826 F. Supp. 62, 64 (D.R.I. 1993) (citations omitted) (dismissing the case because, inter alia, without the presence of indispensable parties, defendant "would have to bear the entire cost of liability in this case or engage in a second action against the non-diverse defendants for contribution"). A licensor is indispensable to a suit that involves its license. *See Channel Master Corp. v. JFD Electronics Corp.*, 260 F. Supp. 568, 572 (E.D.N.Y. 1966) (finding patent licensor indispensable); *Technical Tape Corp. v. Minnesota Min. & Mfg. Co.*, 135 F. Supp. 505, 506 (S.D.N.Y. 1955) ("An analysis of this agreement impels the conclusion that Armour has retained for itself such a continuing interest in the use of the patent and the proceeds to be received from its exploitation that it is an indispensable party to this suit").

In the present case, Lucas Licensing ("Lucas") is the owner of the license at issue but has not been joined by Plaintiffs Hasbro, Inc. and Habro International, Inc. (collectively "Hasbro"). Lucas declared its interest in the present issues when it deliberately accompanied the other two parties, Defendant Overbreak, LLC ("Overbreak") and Plaintiff Hasbro, in signing the Approval of Sublicensee Agreement as the "licensor," with Hasbro as the "licensee." (Approval of Sublicense Agreement, see

Exhibit A.) Lucas essentially requires payment by Hasbro in return for granting it a license to use the Star Wars intellectual property, and Lucas sets the terms by which Hasbro may sublicense that property to Overbreak. Lucas also retained the right to sue Overbreak directly. (See Paragraph 4 of Approval of Sublicensee Agreement in Exhibit A). Lucas's financial interest therefore is likely to suffer direct harm as a result of this litigation, as Hasbro's contract with Overbreak affects Lucas's potential revenue. If Hasbro were to loose this litigation, for example, Overbreak could still be sued by Lucas pursuant to the agreement. If Overbreak were to recover attorney's fees from Hasbro, Lucas might become liable for those fees; if Lucas were to permit a settlement that gave it less than its full fee, it would have no way to make that preference known if it were kept out of the suit. The absence of Lucas directly affects Hasbro's ability to settle this case, and none of the terms or parameters of the involvement of Lucas or the potential harm to its interests can be clarified or litigated without Lucas's presence. The disposition of this matter without Lucus would be prejudicial to all parties. Therefore, Lucas is an indispensable party whose absence is impermissible under Fed. R. Civ. P. 19, and this Court should dismiss the suit.

Hasbro's spare response to this argument comprises the following claims: (a) the contract does not include Lucas, so Lucas has no legal role; (b) Lucas is not the "licensor" in this case, and so is dispensable; (c) Hasbro acquired all of Lucas's relevant interests, leaving it with nothing; and (d) Lucas's financial interest may be endangered by this suit, but because the fault will be Hasbro's, Lucas still is not an indispensable party. (Hasbro Motion for Summary Judgment at 11.) Hasbro's arguments must fail for the following

reasons. Lucus has an interest in the subject of the action. *See* Fed. R. Civ. P. 19(a) ("[T]he person claims an interest relating to the subject of the action"). The "licensor" in this case is Lucus. Hasbro is the "licensee," and Overbreak is the "sublicensee." (See Approval of Sublicense Agreement, Exhibit A.) *All three parties signed an agreement to that effect*, providing clear proof that Lucas has an essential interest in its intellectual property and wishes to control the manner in which it is used, even after it grants some rights to a licensee. (*See id.*) Hasbro's argument that Lucas is not a "licensor" therefore is bootless. The existence of the Approval of Sublicense Agreement is proof that Lucas did not sell off all of its rights to the relevant *Star Wars* property but retained at least the right to approve or reject companies like Overbreak that would be using those properties through Hasbro and by retaining the right to sue Overbreak directly.

Additionally, Hasbro admits that it "may be true" that Lucas has a financial interest that "is likely to be harmed directly as a result of nearly any outcome of this litigation." (Hasbro Motion for Summary Judgment at 11.) This is all the evidence required to find Lucas an indispensable party. Lucas retains a direct "interest relating to the subject of the action," the license to use certain *Star Wars* intellectual property, and the right to sue Overbreak directly. The disposition of this matter without Lucas would be prejudicial to all parties. Whether in regard to Lucas's potential liability for attorney fees, breach of contract or Hasbro's settlement of this case for less than Lucas believes it is owed, the ultimate licensor has important interests in this litigation. Accordingly, the Court must dismiss Hasbro's action for failure to join an indispensable party.

WHEREFORE, Overbreak prays that this Court order the dismissal of Hasbro's suit.

By Its Attorneys,

Steven B. Merolla, Esquire No. 4673
Goldin, Merolla & Tutalo
10 Weybosset Street
Providence, Rhode Island 02903
Telephone: (401) 861-7400

**CERTIFICATION**

I hereby certify that on the 5th day of May, 2006, I mailed a copy of the within Defendant's Motion to Dismiss to Todd D. White, Esquire, and Katy A. Hynes, Esquire, Adler Pollock & Sheehan P.C., One Citizens Plaza, 8th Floor, Providence, Rhode Island 02903.

Steven B. Merolla, Esquire