UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC. and HASBRO INTERNATIONAL, INC., | : | |
| Plaintiffs, | : | |
| v. | : | C.A. NO. 05-534-S |
| OVERBREAK, LLC, | : | |
| Defendant. | : | |

**PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION TO DISMISS FOR PLAINTIFFS' FAILURE TO JOIN AN INDISPENSABLE PARTY**

Now comes the Plaintiffs, Hasbro, Inc. and Hasbro International, Inc. (collectively "Hasbro") and hereby objects to Defendant's Motion to Dismiss for Plaintiff's Failure to Join an Indispensable Party.

The grounds for this objection are set forth in the accompanying memorandum of law.

Respectfully submitted,

HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

Todd D. White

Todd D. White (# 5943)
Katy A. Hynes (#6659)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

Dated: May 19, 2006

## CERTIFICATION

I hereby certify that a true and accurate copy of the within Plaintiffs' Objection to Defendant's Motion to Dismiss for Plaintiffs' Failure to Join an Indispensable Party was served by regular mail to the following counsel of record on May 19, 2006:

Steven B. Merolla, Esq.
Goldin, Merolla & Tutalo
10 Weybosset Street
Providence, RI 02903

Elizabeth Risha, Esq.
Overbreak, LLC
9420 Chivers Avenue
Sun Valley, California 91352

Todd D. White

*382025_1.doc*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC. and HASBRO INTERNATIONAL, INC., | : | |
| Plaintiffs, | : | |
| v. | : | C.A. NO. 05-534-S |
| OVERBREAK, LLC, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO JOIN AN INDISPENSABLE PARTY**

## I. INTRODUCTION

Plaintiffs, Hasbro, Inc. and Hasbro International, Inc. (collectively "Hasbro") respectfully submit this memorandum of law in support of their objection to Defendant's motion to dismiss for Plaintiff's failure to join an indispensable party. In the instant matter, none of the elements required by Rule 19 can be met because the Merchandising Agreement at issue (*See* attached Exhibit 1) is exclusively between Hasbro and Overbreak, LLC ("Overbreak"). Thus, there is no evidence to establish that Lucas has retained *any* substantial interest, or had *any* legal role in this two-party contract, let alone a role sufficient to implicate Rule 19.

Pursuant to Exhibit 1, Hasbro entered into a Merchandising Agreement with Defendant Overbreak for the use of the Star Wars mark on certain "hover" balloon products. This is the only agreement at issue in the present dispute. The Defendant simply has failed to pay Hasbro the money it contractually obligated itself in the subject agreement. The failure is undisputed. The Defendant's purported excuse for that failure

– poor sales – does not justify its breach of a contract. Although the Defendant seeks to transform a different agreement[1] into a loophole from which it can temporarily escape its obligation, this position is unfounded. Ultimately, this case is simple: the Defendant owes money to Hasbro; the Defendant has no justification for non-payment; and, Hasbro wants to be paid.

## II. ARGUMENT

### A. Overbreak Incorrectly Applies the Governing Rule.

In 2001, the Court of Appeals for the First Circuit had an opportunity to analyze the implications and requirements of Rule 19 in *U.S. v. San Juan Bay Marina*, 239 F.3d 400 (1st Cir. 2001). In *San Juan Bay Marina*, the court clarified that the question of whether an entity is an indispensable party is a two-part inquiry. *Id. at 405*. "First, the party must be a necessary party under Rule 19(a) (citations omitted), and then it must be an indispensable party under Rule 19(b)." *Id.*

In its Motion to Dismiss for Plaintiff's Failure to Join an Indispensable Party, the Defendant does not address the two separate requirements under Rule 19 separately. Instead, the Defendant mentions both Rule 19(a) and (b) in its opening paragraphs and then engages in a discussion of why Hasbro is an indispensable party, without addressing whether Hasbro is a necessary party in the first instance, and without applying the appropriate test to the 19(b) indispensable party question. Hasbro will address both requirements under the rule in this memorandum.

1. The requirements of Rule 19(a) have not been met.

First, Rule 19(a) states in relevant part:

> A person who is subject to service of process and whose joinder

[1] The "Approval of Sublicensee Agreement."

> will not deprive the court of jurisdiction over the subject matter of the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

Simply put, the Defendant has failed to meet any of the requirements contained in Rule 19(a).

To begin with, there is absolutely no evidence that the absence of Lucas will prevent the Defendant and Hasbro from obtaining complete relief. At issue in this case is a simple breach of contract: the Defendant promised Hasbro to pay for certain rights and the Defendant failed to do so. Because of this breach, Hasbro seeks to be made whole under the contract and is asking this Court to find that the Defendant has breached the contract and must pay Hasbro the amount owed. This has nothing whatsoever to do with Lucas or the approval of Overbreak as a sublicensee. Overbreak's approval occurred months before it breached the contract. This case is simply about the Defendant Overbreak's failure to pay Hasbro. The absence of Lucas in no way operates to prevent this Court from entering judgment in Hasbro's favor and against the Defendant. Lucas has nothing at all to do with the Defendant's failure to pay or with Hasbro's endeavor to be made whole. This Court needs nothing from Lucas in order to enter judgment in Hasbro's failure and against the Defendant – thereby providing complete relief to the parties despite the absence of Lucas.

Second, there is no evidence to suggest that Lucas "claims an interest in the subject of this action and is so situated that the disposition of the action in [Lucas'] absence may (i) as a practical matter impair or impede [Lucas'] ability to protect that interest or (ii) leave any of the persons already parties subject to substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest." Plainly, Lucas has deliberately allowed a Merchandising Agreement between Hasbro and Overbreak to be crafted and executed without including any retained interest. Furthermore, Lucas is completely aware of this litigation and has expressed no interest in joining in, nor has Lucas expressed any concerns about adequately protecting its interests. Lucas sold the rights to Hasbro and it is now solely Hasbro's interest to collect on the licensing agreement.

2. <u>The requirements of Rule 19(b) have not been met.</u>

Even if this Court finds that Lucas is a necessary party under Rule 19(a) of the Fed. R. of Civ. P., the Defendant's motion should still not be granted because the requirements of Rule 19(b) have not been met either: to wit, even if Lucas is necessary, it is not indispensable. Pursuant to Rule 19(b), this Court should proceed "among the parties before it" because the Defendant will not be prejudiced by its absence.

Rule 19(b) of the Fed. R. of Civ. P. requires the court to make a determination "in equity and good conscience" whether "the action should proceed among the parties before it, or should be dismissed . . . ." Thus, the Court is empowered to look at the full panoply of circumstances to determine if the case should proceed or be dismissed. The circumstances of this case establish that the matter should proceed. The Defendant is in breach of a financial obligation it owes Hasbro. The Defendant has not raised any

substantive defense to this claim because there is no such defense. The disposition of this matter without Lucas in this lawsuit is not prejudicial to any party. Equity requires that this matter proceed so that Hasbro obtain judgment in as efficient and expeditious matter as possible.

Moreover, contrary to Defendant's conjecture, there is no likelihood of Lucas being assessed potential liability for attorney's fees in a case in which the Defendant simply failed to pay Hasbro. The only likelihood of assessing attorney's fees is against Overbreak. The state of the record is clear: The Defendant Overbreak owes money to Hasbro and must make payment. No additional discovery, addition of an alleged indispensable party or alteration in present status of this case changes that unassailable fact.

### B. <u>Defendant Relies Upon Inapplicable Law with Respect to Lucas' Alleged Role in Licensing of the Toys in Question.</u>

The Defendant also claims that Lucas "is the owner of the license at issue." It is unclear what authority the Defendant has to support that proposition, but it is untrue in any event. With respect to utilizing the Star Wars marks on toy-related products – the only relevant products in this matter - Lucas sold its licensing rights to Hasbro. (*See* paragraph 2 of the affidavit of Bob Ellis, attached as <u>Exhibit 2</u>.) Hasbro now owns the license at issue. Rights in any other industry are irrelevant to the dispute at hand.

The Defendant goes on to claim that "Lucas essentially requires payment by Hasbro in return for granting it a license to use the Star Wars intellectual property." That is true. Hasbro obtained that licenses for toy-related products in October of 1997 (*see* paragraph 2 of <u>Exhibit 2</u>), eight years *prior* to this dispute arising. Hasbro's retention of

this license could not have been conditioned upon whether or not the Defendant pays Hasbro. Accordingly, Lucas is not a necessary party in this matter.

In support of its argument, the Defendant relies on *Technical Tape Corp. v. Minnesota Min. & Mfg. Co.*, 135 F. Supp. 505, 506 (S.D.N.Y. 1955), a case involving patent use and/or infringement. The Court in *Technical Tape Corp.* stated the following:

> An analysis of this agreement impels the conclusion that Armour has retained for itself such a continuing interest in the use of the patent and the proceeds to be received from its exploitation that it is an indispensable party to this suit.

*Id.*

Pursuant to the instant Merchandising Agreement, however, there is no evidence that Lucas retained any interest which Hasbro did not acquire. In fact, Robert Ellis affirms that Lucas had "no control over the Agreement." (*See* paragraph 9 of Exhibit 2.) Robert Ellis also affirms that "Lucas does not control the outcome of the sum of money owed to Hasbro." (*See* paragraph 10 of Exhibit 2.) Therefore, Lucas does not have the continuing interest which the Court found existed in a patent holder in the *Technical Tape Corp.* case.

In addition, the *Technical Tape Corp.* Court made clear that "A patent owner has a property right which ought not to be adjudicated in his absence." *Id.* at 508. If this were a dispute about the design Overbreak used on its discs, then the rationale above concerning a patent owner might apply. However, this is simply about the Defendant's unfulfilled payment obligation owed to Hasbro. The *Technical Tape Corp.* case does not apply.

The Defendant also directs this Court's attention to *Channel Master Corp. v. JFD Electronics Corp.*, 260 F.Supp. 568 (E.D.N.Y. 1967). *Channel Master Corp.* is another

case involving an action against a licensee and licensor for declaratory judgment for patent invalidity, patent non-infringement and non-enforceability. *Id.* In *Channel Master Corp*, the District Court held that the motion by the licensee of the patent to dismiss one count of the complaint against it for failure to join the licensor would not be granted where the license to the licensee did not cover the entire field of the patent, and there was no independent right of the licensee to institute an action for patent infringement. *Id.*

The *Channel Master Corp.* case like *Technical Tape Corp.* case is inapposite for several reasons. The matter before this Court is not a patent infringement case; rather, it is a straightforward breach of contract case. Additionally, in the instant matter, Lucas sold to Hasbro the exclusive rights to license the Star Wars images on toys - not certain images in dispute - but all of the images. This is not like *Channel Master Corp.*, where as the Court said:

> When, however the exclusive license involves only part of the patent, the interest of a licensee in defending the validity of that part may not be identical with the interest of the licensor in defending the whole. Consequently, in his absence, his interest in the whole should not be subjected to the risk of the stain of invalidity in attack upon the part.

*Id.* at 572.

Once again, Hasbro is not in the position of defending a patent, or in this case intellectual property. In fact, this dispute has nothing to do with the merits of the intellectual property. The only issue is the Defendant's failure to pay its obligations under the contract. Therefore, any interest that the Defendant might argue that Lucas has in the marks at issue is irrelevant, since the marks at issue are irrelevant.

The Defendant also relies on two cases from the District Court of Rhode Island - neither of which are relevant or of assistance to this Court. First, the Defendant points to

*Potter v. Bennett*, 826 F.Supp. 62 (D.R.I. 1993). The *Potter* case is not helpful because it addresses the four criteria that the appellate court uses in determining the indispensability of a *non-diverse* party. *Id.* In the instant matter, Lucas has not been claimed to be a non-diverse party. Therefore, the *Potter* analysis is not relevant to the instant matter.

Second, the Defendant points to *Friends of Sakonnet v. Dutra*, 738 F.Supp. 623 (D.R.I. 1990) for the proposition that, "The defense will result in dismissal if a party cannot be joined, and the court determines that such failure to join will cause undue prejudice to one of the parties." *Defendant's Motion to Dismiss for Plaintiff's Failure to Join an Indispensable Party* at page 2. Ironically, a full reading of the *Friends of Sakonnet* case actually supports Hasbro's position. In context, the aforementioned excerpt from the *Friends of Sakonnet* case reads as follows:

> The defense of failure to join indispensable parties under Fed.R.Civ.P. 12(b)(7) is not a defense against the merits of the case, it will only result in a dismissal of the case if a party cannot be joined and the court determines that this failure to join will result in undue prejudice to one of the parties.

*Id.* at 636.

In *Friends of Sakonnet*, the defendants sought to amend their Answer to add the affirmative defense of failure to join indispensable parties. However, the court denied the motion "because the joinder of the parties that the defendants consider indispensable has been accomplished through defendants' own third-party complaint." *Id.* The court in *Friends of Sakonnet* went on to explain that it is only in very limited circumstances, not present in the case before it, that the court would dismiss a case for failure to join an indispensable party. *Id.* The court reiterated that in order to dismiss a case for those reasons, the court must have already found that the party is necessary, and that that necessary party cannot be joined, and that further, that the absence of that necessary party

that cannot be joined will cause undue prejudice to one of the parties. *Id.*. Those criteria were not met in *Friends of Sakonnet*, and are not met in the instant matter. Here, the Defendant's motion to dismiss should not be granted because Lucas is not a necessary party. And even if Lucas was a necessary party, equitable considerations, as well as lack of prejudice all militate against dismissing this action. The matter is simple: Hasbro simply wants to get paid what it is contractually owed.

## III. CONCLUSION

WHEREFORE, Plaintiffs, Hasbro, Inc. and Hasbro International, hereby respectfully request that the Defendant's Motion to Dismiss be denied.

Respectfully submitted,
HASBRO, INC. and HASBRO INTERNATIONAL, INC.
By their Attorneys,

/s/ Todd D. White

Todd D. White (# 5943)
Katy A. Hynes (#6659)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

Dated: May 19, 2006

CERTIFICATION

I hereby certify that a true and accurate copy of the within Memorandum of Law In Support of Plaintiffs' Objection to Defendant's Motion to Dismiss for Failure to Join an Indispensable Party was served by regular mail to the following counsel of record on May 19, 2006:

Steven B. Merolla, Esq.
Goldin, Merolla & Tutalo
10 Weybosset Street
Providence, RI 02903

Elizabeth Risha, Esq.
Overbreak, LLC
9420 Chivers Avenue
Sun Valley, California 91352

Todd D. White

*382034_1.doc*