**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **HASBRO, INC., and HASBRO INTERNATIONAL, INC.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **C.A. NO. 05-534-S** |
| **OVERBREAK, LLC,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MEMORANDUM IN REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANTS MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTY**

Defendant Overbreak, LLC, through undersigned counsel, respectfully submits this, the Defendant's Memorandum in Reply to Plaintiff's Objection To Defendants Motion To Dismiss for Failure to Join Indispensable Party.

## SUMMARY OF FACTS

The Defendant, Overbreak, LLC ("Overbreak"), is a California toy company that entered into a 2005 contract ("Sublicense Agreement") with a large Rhode Island corporation, Plaintiffs Hasbro, Inc., and Hasbro International, Inc. (collectively referred to as "Hasbro"). The contract authorized Overbreak to reproduce images from *Star Wars* on

certain toys that it was producing. Hasbro, in turn, had obtained a license to use the images from their owner, Lucas Licensing. Lucas Licensing entered into an approval agreement with both parties to this suit regarding the license, but it has not yet been made a party to this action. To induce Overbreak to sign the contract, which was itself a Hasbro copyrighted form document and whose terms were not negotiable, Hasbro made certain representations as to merchandise sales that it claimed would result from Overbreak's use of the license. Those representations did not prove to be either true or accurate, and Hasbro has sued Overbreak, claiming that Overbreak failed to make a required royalty payment under the contract. The contract contains a California choice-of-law provision but allows the suit to be brought in Rhode Island. (Sublicense Agreement ¶ 22.) The contracts were executed concurrently, and the promises and obligations of the parties to the contracts are closely interrelated.

Among the documents signed by the three parties was the Approval of Sublicense Agreement. This granted significant independent rights to Lucas against Overbreak which therein assumes obligations directly to Lucas. Lucas was given the right to terminate Overbreak ¶2 and can bring independent actions against Overbreak on any termination¶6. Significantly, Lucas, independently, can sue Overbreak for any breach of any agreement ¶4. Further, Overbreak is bound by all of the obligations of Hasbro to Lucas ¶5 and Lucas has independent rights to audit the books of Overbreak ¶7. In

addition, Lucas has all the rights of a Third Party Beneficiary against Overbreak under California law ¶8. Also, significantly, Lucas has all rights of approval over the products and actions of Overbreak ¶10(h).

## ARGUMENT

### I. THIS CASE CANNOT PROCEED IN THE ABSENCE OF LUCAS LICENSING, WHICH IS AN INDISPENSABLE PARTY.

The operation of Fed. R. Civ. P. 19 is not so complicated as Hasbro makes it out to be. Rule 19(a) establishes the circumstances for when a party should be joined "if feasible." Rule 19(b) determines when an action may not proceed in the absence of that party, rendering the absent party "indispensable." The First Circuit in *United States v. San Juan Bay Marina*, 239 F.3d 400 (1st Cir. 2001), made that distinction abundantly clear. In this case, Overbreak can establish that because Lucas Licensing is indispensable, it is also necessary. As the court pointed out in *San Juan Bay*, "a party is necessary under Rule 19(a) only if they claim a 'legally protected interest' relating to the subject matter of the action." *Id.* at 406. To put it another way, "all persons who have a substantial interest in the litigation must be made parties whenever necessary to assure that the relief which may be awarded will completely and effectively adjudicate the dispute." *Trombino v. Transit Cas. Co.*, 110 F.R.D. 139, 143 (D.R.I. 1986).

Hasbro represents that the alleged breach of contract by Overbreak will have no effect on the license conferred by Lucas Licensing on Hasbro. That may be Hasbro's perception, but it may not be that of Lucas Licensing's perception. In fact, the obligations of performance under a sales contract can affect the rights of the licensor of the intellectual property at issue. Whether that has occurred here, of course, presents questions of fact. *See Costello Pub. Co. v. Rotelle*, 670 F.2d 1035, 1041 (D.C. Cir. 1981) ("[W]e remand to allow the district court to consider whether there was a material breach of the licensing agreement or whether any breach amounted to a failure to satisfy a condition to the license so as to give rise to a copyright infringement claim").

The respective rights and duties of Hasbro and Overbreak with respect to their contract can create a claim of infringement in favor of Lucas Licensing. Hasbro's claims against Overbreak, for example, could give rise to a claim in favor of Lucas Licensing that Hasbro has failed diligently to exploit its rights as a licensee of the property. If that claim were to be brought by Lucas Licensing, Overbreak assuredly would be made a party to the action. Thus, Overbreak could be exposed to a whole new claim arising out of the dispute presently before the Court that cannot be resolved in this action with Lucas Licensing as an absent party. Joining Lucas Licensing as a party avoids the dilemma presented by its absence.

## II. LUCAS LICENSING IS A NONDIVERSE, INDISPENSABLE PARTY WHOSE PRESENCE IN THIS LITIGATION REQUIRES DISMISSAL.

Obviously, Lucas Licensing has a legally protected interest in its assigned property rights that could be affected by this litigation. That being so, it is a necessary party that should be joined if feasible. Lucas Licensing also qualifies as an indispensable party, within the meaning of Rule 19(b). Lucas Licensing is either a California corporation or a corporation whose principal place of business is California. In the Approval of Sublicensee Agreement, it states that it is a California corporation. In either case, for diversity purposes, Lucas Licensing is a California corporation. *See* 28 U.S.C. § 1332(c)(1); *Diaz-Rodriguez v. Pep Boys Corp.*, 410 F.3d 56, 58 (1st Cir. 2005) ("For diversity purposes, a corporation is a citizen of both the state where it is incorporated and 'the State where it has its principal place of business'"). In either case, its presence as a plaintiff would destroy diversity. *See Gabriel v. Preble*, 396 F.3d 10, 13 (1st Cir. 2005) ("Diversity jurisdiction exists only when there is *complete* diversity, that is, when no plaintiff is a citizen of the same state as any defendant").

Overbreak, of course, cannot compel Lucas Licensing to be joined as a plaintiff, but if Lucas Licensing's interests are aligned with those of its exclusive licensee, Hasbro, then clearly it must be aligned as a plaintiff when joined. In this case, there is no doubt that Lucas Licensing's interests are aligned with those of Hasbro's, requiring that Lucas Licensing be joined as a plaintiff.

> If complete diversity is lacking after joinder of an indispensable party pursuant to Rule 19, this federal court no longer would have authority to entertain this suit on that basis. *Jefferson v. Ametek, Inc.*, 86 F.R.D. 425 (D. Md.1980); *Rippey v. Denver United States Nat'l Bank,* 42 F.R.D. 316 (D. Colo.1967). The problem is not avoided by simply naming the trustee as a party defendant, because the court has a duty to look beyond the pleadings and align the joined party according to his real interest.

*Steyhr Daimler Puch of America Corp. v. Pappas*, 35 B.R. 1001, 1004 (E.D. Va. 1983); *see also Gabriel v. Preble*, 396 F.3d at 14 ("[A]n inquiring court should look beyond these formalities and attempt to determine, to the extent practicable, the actual interests of the parties. . . . Only after the parties have been realigned to match their actual interests can a decision be made as to whether complete diversity exists").

Thus, where the action fails for want of complete diversity, it must be dismissed. *See Potter v. Bennett*, 826 F. Supp. 62, 64 (D.R.I. 1993) ("If absent parties are indispensable, the entire action, including the allegations against the diverse party, must be dismissed"); *Haas v. Jefferson National Bank of Miami Beach*, 442 F.2d 394, 396 (5th Cir. 1971) ("It is clear beyond any doubt that the diversity statute requires complete diversity of citizenship. . . . It is of course immaterial that the nondiverse party has been required to be joined as an indispensable party"). The First Circuit's test for making the determination whether an absent, nondiverse party must be joined has been described as follows:

> The First Circuit in [*H.D. Corp. of Puerto Rico v. Ford Motor Co.,* 791 F.2d 987 (1st Cir. 1986)] articulated four criteria to be used in determining the indispensability of a non-diverse party. First, the court must consider the extent to which the interests of the non-diverse defendant would be

> prejudiced by the continuation of the action against the diverse party in the federal court. . . . Second, the diverse defendant's interest in avoiding multiple litigation, inconsistent relief, or sole responsibility for an alleged injury which it shares with a non-diverse defendant should be taken into account. *H.D. Corp.,* 791 F.2d. at 992. Third, the court must assess whether the state courts are "capable of resolving the controversy between the parties." *Id.* at 993. Finally, the court must determine whether plaintiff has an adequate remedy in state court. All four of these criteria support a determination that the non-diverse defendants are indispensable in this case.

*Potter v. Bennett*, 826 F. Supp. at 64.

The interests of Lucas Licensing in preserving inviolate its valuable rights in the *Star Wars* properties can hardly be doubted. Those rights might well be compromised by the outcome of this case. If it is determined, as Hasbro has alleged, that Overbreak has failed to pay amounts due under its rights contract with Hasbro, Lucas Licensing could take the position that Hasbro has violated its contract with Lucas Licensing by failing properly to exploit the license conferred on it by Lucas Licensing. If that matter results in litigation, Overbreak certainly will become a party, and Lucas Licensing's position, not to mention Overbreak's, could be compromised under the doctrine of collateral estoppel by the judgment entered here.

With respect to the second element identified above, Overbreak clearly has an interest in avoiding multiple litigation. As a California corporation, it is expensive and burdensome enough to be hailed into court here, more than 2,500 miles from its home office. To be sued again on related claims in another action by a well-heeled plaintiff like Lucas Licensing might compromise its very existence. The issues in this case arise purely

under state law, and the contract issue provides that it is to be governed by California law. Further, the Affidavit of Defendant Overbreak (attached as Ex. A) has to be judged under California law. It seems entirely clear that a California venue would be advantageous for all concerned, since two of the parties (Overbreak and Lucas Licensing) are domiciled there, and Hasbro is a large corporation that could litigate this matter as readily in California as in Rhode Island.

Under all the circumstances of this case, and taking into account the factors recited in *Potter v. Bennett*, this case should and must be dismissed for failing to join an indispensable, nondiverse party, Lucas Licensing.

Wherefore, it is respectfully requested that Defendant Overbreak's Motion to Dismiss for Failure to Join Indispensable Party in all respects be granted.

Respectfully submitted,

Steven B. Merolla, Esquire, No. 4673
Goldin, Merolla & Tutalo
10 Weybosset Street
Providence, Rhode Island 02903
Telephone: (401) 861-7400

Attorneys for Defendant Overbreak, LLC

**CERTIFICATION**

I hereby certify that on the 1st day of June 2006, I mailed a copy of the within Defendant's Memorandum to Todd D. White, Esquire, and Katy A. Hynes, Esquire, Adler Pollock & Sheehan P.C., 8th Floor, One Citizens Plaza, Providence, Rhode Island 02903.

Maribeth Barbato